IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-00250-O |
| § | |
| ALEXANDER H. SMITH, ET AL., § § | |
| Defendants. § | |

**OPINION & ORDER**

Before the Court is Plaintiff's Motion for Default Judgment ("Motion") against Defendants Adrianna I. Smith ("Adrianna"), Aileen I. Fontanez ("Aileen"), and Alexander H. Smith ("Alexander") (collectively "Default Defendants"). ECF No. 24. After considering the Motion, pleadings, and applicable law, the Court finds that Plaintiff's Motion should be, and is hereby, **GRANTED**.

I.   BACKGROUND[1]

Plaintiff North American Company for Life and Health Insurance ("North American") initiated this interpleader action due to the competing claims of all Defendants as to the death benefit proceeds owned by Harry Smith Jr. ("Harry"). North American issued a death benefit contract to Harry in July 2018 (the "Contract"). At that time, Deborah S. Johnson was named as the Contract beneficiary. On or about October 2, 2018, North American received a beneficiary change request designating Alexander H. Smith and Adrianna I. Smith as the Contract beneficiaries. On or about June 19, 2019, North American received a beneficiary change request

---

[1] Unless otherwise noted, the Court's recitation of the facts is based on Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 5.

designating Deborah S. Johnson (to receive 5%), Aileen I. Fontanez (to receive 5%), the Alexander Harryson Smith Revocable Trust of 2019 (to receive 45%), and the Adriana Yvetter Smith Revocable Trust of 2019 (to receive 45%) as the Contract beneficiaries.

Upon reviewing the June 19, 2019, beneficiary change, North American determined that the request could not be accepted because North American did not receive trust certification forms. After further investigation, North American believes that the Alexander Harryson Smith Revocable Trust of 2019 and the Adriana Yvetter Smith Revocable Trust of 2019 were revoked in 2021. These revocations caused the assets of the Alexander Harryson Smith Revocable Trust of 2019 to be transferred to the Alexander Harryson Smith Revocable Trust of 2021 and the assets of the Adriana Yvetter Smith Revocable Trust of 2019 to be transferred to the Adriana Yvetter Smith Revocable Trust of 2021.

Following Harry's passing on April 26, 2024, a dispute arose between Defendants regarding who is the proper beneficiary of the Contract. North American then brought this interpleader action under 28 U.S.C. § 1335 to determine the rightful beneficiary of the Contract's death benefits.

Defendant Adrianna I. Smith was served with the Amended Complaint on June 5, 2025.[2] Because Adrianna failed to timely answer, North American requested the Clerk of Court enter default on July 11, 2025.[3] On July 15, 2025, the Clerk entered default against her.[4] Likewise, Defendants Aileen I. Fontanez and Alexander H. Smith were served with the Amended Complaint on July 25, 2025, and failed to timely answer.[5] Accordingly, North American requested the Clerk

---

[2] Aff. of Service, ECF No. 9.
[3] Pl.'s Request for Default, ECF No. 10.
[4] Clerk's Entry of Default, ECF No. 11.
[5] Affs. of Service, ECF Nos. 13–14.

enter default on August 20, 2025,[6] and on August 21, 2025, the Clerk of Court entered default against both Aileen and Alexander.[7] On September 5, 2025, Plaintiff filed the instant Motion for Default Judgment.[8]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and subsequent default judgment. The Court's entry of default judgment entails three prerequisites. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the defendant must *default* by failing to plead or otherwise respond to the complaint within the time required by the Federal Rules. *Id.* Next, the Clerk must *enter default* when the plaintiff establishes default by affidavit or otherwise. *Id.*; FED. R. CIV. P. 55(a). Last, the plaintiff must ask the Court for entry of a *default judgment*. *N.Y. Life Ins.*, 84 F.3d at 141; FED. R. CIV. P. 55(b)(2).

A court has broad discretion to enter a default judgment, but it is considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). It is reserved for instances "when the adversary process has been halted because of an essentially unresponsive party." *Id.*

In deciding whether to grant a default judgment, the Court must decide three questions. First, the Court considers whether entry of default judgment is procedurally appropriate by weighing a list of six factors: (1) whether there are disputed material issues of fact; (2) whether a good-faith mistake or excusable neglect caused the default; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; (5) whether the grounds for a default judgment

---

[6] Pl.'s Request for Default, ECF No. 21.
[7] Clerk's Entry of Default, ECF No. 22.
[8] Pl.'s Mot. Default J., ECF No. 24.

are clearly established; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Second, the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). At the default-judgment stage, the well-pleaded factual allegations "need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[D]etailed factual allegations are not required." *Id.* (alteration in original) (quotation marks and citation omitted). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu*, 515 F.2d at 1206.

Third, the Court resolves any remaining issues regarding the amount of damages, if any, and other relief requested. "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*

### III.   ANALYSIS

#### A.  Entry of default judgment is procedurally appropriate.

Having weighed the six *Lindsey* factors, the Court determines that granting default judgment is procedurally warranted. *See* 161 F.3d at 893. First, due to the Default Defendants's non-responsiveness, no material issues of fact have been disputed. Second, there is no evidence to suggest that the Default Defendants's failure to defend this action arises from a good-faith mistake

or excusable neglect. Third, the Default Defendants's failure to appear causes substantial prejudice to Plaintiff because it prevents Plaintiff from receiving expeditious relief. Fourth, the Default Defendants's failure to answer, despite receiving proper service and being instructed to retain counsel, mitigates the harshness of a default judgment. The Default Defendants have had ample time to respond to the Amended Complaint as it was filed over six months ago. Fifth, the grounds for default judgment are clearly established. Sixth and finally, finding that the Default Defendants have made no attempt to participate in this lawsuit in the nearly eight months since it was commenced, and because the Court is not aware of any "good cause" for their failure to participate, the Court would be unlikely to set aside the default if it is later attacked. *See* FED. R. CIV. P. 55(c).

### B. The pleadings establish a viable claim for relief.

Before a default judgment may be entered, the Court must assess the merits of North American's claim and the sufficiency of its Complaint. In its Complaint for Interpleader, North American admits proceeds are owed under the Contract, but states that it is unsure who is entitled to the proceeds because Defendants' "claims are adverse and conflicting."[9] Accordingly, "North American is unable to fully determine the Contract's rightful beneficiary" and requests interpleader relief.[10] Interpleader is appropriate when persons have claims that may expose a plaintiff to double or multiple liabilities. FED. R. CIV. P. 22(a)(1). Here, multiple competing claims expose North American to multiple liabilities; thus, the Court finds the Complaint for Interpleader sufficient.

### C. Plaintiff is entitled to its requested relief.

A default judgment is appropriate when default has been entered against a party because the party has failed to respond or otherwise defend against the complaint and the party seeking to

---

[9] Am. Comp. ¶¶ 26, 28, ECF No. 5.
[10] *Id.* at ¶ 26.

enforce the default judgment applies to the court for relief. FED. R. CIV. P. 55(b)(2). Here, the Clerk of Court has entered default against the Default Defendants. None of the Default Defendants are a minor, an incompetent person, an individual in military service, or a government officer, and none of the Default Defendants have appeared or had a representative appear on their behalf.[11] Based on the foregoing, Plaintiff requests that the Court enter a default judgment against the Default Defendants. As such, the Court finds that default judgment is appropriate.

### IV.    CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Defendants Adrianna I. Smith, Aileen I. Fontanez, and Alexander H. Smith. Accordingly, it is hereby **ORDERED** that Plaintiff North American Company for Life and Health Insurance is released from all liability in this matter as to Defendants Adrianna I. Smith, Aileen I. Fontanez, and Alexander H. Smith. It is further **ORDERED** that Defendants Adrianna I. Smith, Aileen I. Fontanez, and Alexander H. Smith are precluded from bringing any action or claim for relief against Plaintiff North American Company for Life and Health Insurance for the proceeds of the Contract.

**SO ORDERED** on this **12th day** of **December, 2025**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[11] *See* Pl.'s Request for Clerk's Entry of Default 2, ECF No. 10; *see also* Pl.'s App. Supp. Request for Clerk's Entry of Default, Ex. A (Linebaugh Aff.), ECF No. 10-1.